**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

v.

Francisco R. **Santos**,
Defendant/Appellant.
Appeal No. 95-002
Criminal Action No. 94-0033
Opinion and Judgment
July 16, 1998

---

Submitted on the Briefs April 15, 1998

Counsel for appellant: Eric S. Basse, Saipan.

Counsel for appellee: Marvin J. Williams, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, DEMAPAN, Associate Justice, and BELLAS, Justice Pro Tem.

TAYLOR, Chief Justice:

¶1 ▇Francisco R. Santos ("Santos") appeals the verdict and judgment entered on November 10, 1994, the December 29, 1994, sentencing order, the Superior Court's denial of his proposed jury instructions orally entered on November 9, 1994, and the Superior Court's denial of his oral motion for judgment of acquittal entered on November 9, 1994. We have jurisdiction pursuant to Article IV, § 2 of the Commonwealth Constitution. N.M.I. Const., art. IV, § 2 (1997).[1] We affirm.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 Santos raises two issues for our review:

(1) Whether the Superior Court erred in denying Santos' motion for directed verdict of acquittal at the conclusion of the Attorney General's ("Commonwealth") case.

¶3 (2) Whether there was insufficient evidence for the jury to convict Santos and whether the jury verdict was not supported by the evidence.

¶4 ▇ Whether the Superior Court erred in denying Santos' motion for a directed verdict is reviewed de novo. *Commonwealth v. Cabrera*, 4 N.M.I. 240, 248 n.53 (1995).

¶5 ▇Whether there was sufficient evidence for the jury to convict is a mixed question of law and fact which we review de novo. *Agulto v. Northern Marianas Investment Group, Ltd.*, 4 N.M.I. 7, 9 (1993).[2]

## FACTS AND PROCEDURAL BACKGROUND

¶6 On or around the morning of December 6, 1993, Pilar B. Corro ("Corro") left her house. On her return, she found her door open and several items missing from her house. At about 9:30 a.m., a witness, Edward Ayuyu, saw Santos and Charlie Manglona ("Manglona") near Corro's house. Later he saw Santos driving away with Manglona.

¶7 On March 18, 1994, the Commonwealth filed an information against Santos. Santos was arraigned on March 29, 1994, and entered a plea of not guilty to all charges. On November 7, 1994, the Commonwealth filed its first amended information charging Santos with two counts of burglary and theft.

¶8 A jury trial was held on November 7, 1994. On November 9, 1994, after the Commonwealth rested its case, Santos moved for a directed verdict of acquittal. The court denied the motion. On November 9, 1994, the jury returned a verdict finding Santos guilty of one count of burglary and one count of theft. On November 10, 1994, the court entered a judgment of conviction for burglary and theft.[3] On December 29, 1994, there was a sentencing hearing. The court entered a judgment and commitment order sentencing Santos to five years in prison and imposing a $10,000 fine for each count with the sentences to run concurrently. Santos timely appealed.

## ANALYSIS

*I. Whether the Superior Court erred in denying Santos' motion for directed verdict of acquittal at the conclusion of the government's case.*

¶9 At the conclusion of the trial, Santos moved for an order directing judgment of acquittal on the grounds that the Commonwealth had failed to produce sufficient evidence to prove that Santos was guilty of burglary or theft. Santos alleges that the crimes were committed by Manglona and that he was only an innocent bystander. In the alternative, he claims that he was, at most, an aider and abetter. However, since he was not charged as an aider, Santos claims he is not guilty of any crimes and should have been acquitted.

¶10 The Commonwealth contends that the totality of evidence was sufficient to submit the case to jury since the evidence satisfied the elements of the charged crimes. The testimony of the witnesses, especially Mr. Ayuyu, was sufficient to prove that Santos was guilty of the charged crimes.

¶11 ▇ We consider all the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found guilt beyond a reasonable doubt on the essential elements of the offense. *Commonwealth v. Ramangmau*, 4 N.M.I. 227, 237 (1995). The motion for acquittal must be granted only if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *Id.* at 237-38.

¶12 ▇ Therefore, if we find that there was some evidence

---

[1] As amended by the passage of Legislative Initiative 10-3, ratified by the voters on November 1, 1997, and certified by the Board of Elections on December 13, 1997.

[2] Appellant also suggests in his discussion that there was an error in the jury instructions and submitted, in the excerpts of record. the government's proposed jury instructions as given; however, that issue is not before this Court in this appeal.

[3] *Commonwealth v. Santos,* Criminal Case No. 94-0033 (N.M.I. Super. Ct. Nov. 10, 1994) (Judgment of Conviction at 1).

where a reasonable person might conclude guilt, then we should affirm. Both parties have submitted a recitation of the facts in their respective briefs and have attempted to highlight the testimony of key witnesses in an attempt to recreate, for this Court, the proceedings upon which the jury rendered its guilty verdict. However, Santos has failed to provide the Court with a transcript of any testimony presented by the government.[4] Absent the record, we cannot properly review the reasoning behind the Superior Court's decision to deny Santos' motion for directed verdict at the conclusion of the government's case. Accordingly, with what was provided to the Court, we find no error in the Superior Court's decision.

II. *Whether there was insufficient evidence for the jury to convict Santos and the jury verdict was not supported by the evidence.*

¶13   Santos argues that a reasonable jury could not have found him guilty of the charges because the verdict was not supported by the evidence.

¶14   The Commonwealth, on the other hand, argues that Santos was at Mrs. Corro's house for 45 minutes while someone else loaded his car up with small appliances and then they drove away together. A jury, therefore, properly inferred guilt based upon the evidence as presented.

¶15   ■ Whether there was sufficient evidence for the jury to convict is a mixed question of law and fact which we review de novo.[5] Here, the jury found credible Ayuyu's testimony that he "observed [Santos] and Charlie Manglona outside of the home of Pilar Corro," that "Charlie Manglona was carrying out small appliances out of Pilar Corro's house and [Santos] was walking back and forth to the car with Manglona, and drove the car away with Mr. Manglona as a passenger."[6] Ayuyu also testified that he had a clear and unobstructed view of Santos during this entire scenario and was able to provide an in-court identification of Santos.[7] There was also testimony presented which showed Santos showing a walkman, that was later identified by the victim as her property, to several individuals a few days after the burglary.[8] Based upon the evidence presented, we agree that a jury could have found Santos guilty of theft and burglary and, therefore, we affirm the jury's verdict.

### CONCLUSION

¶16   Based upon the reasons set forth in this opinion, we hereby **AFFIRM** the judgment of the Superior Court.

---

[4]   Santos has simply provided the Court with a one page recitation of the Court's decision to deny his Motion for Judgment of Acquittal, wherein the judge stated:
. . . [b]ecause the jury has to decide this case, the jury has to determine the credibility of the witnesses. The jury has to weigh the evidence and the jury has to draw any inferences from the facts of this case. That the jury must be given that opportunity and any reasonable mind, this Court finds may fairly conclude guilt beyond a reasonable doubt . . . giving the evidence in light most favorable to the Prosecution, there is sufficient evidence that the Prosecution has presented a prima facie evidence to get this case before the jury . . . .
Excerpts of Record ("E.R") at 4.

[5]   *Agulto, supra.*

[6]   Appellee's Response Brief at 2.

